Dear Mr. Stanley:
You have requested the opinion of this office as to whether a wage assignment takes precedence over a garnishment when an employer has consented to the assignment in writing.
La. C.C. 2292 states that a garnishor does have preference over ordinary creditors as follows:
 The seizing creditor, by the mere act of seizure, acquires a privilege on the property seized, which entitles him to a preference over ordinary creditors.
The garnishor is entitled to a preference over ordinary creditors, but shall not be entitled to a preference over the creditor who has a valid notice of assignment. La. R.S. 9:3102 in Section B and C specifically states:
 B. Third parties are not affected by an assignment of accounts receivable until the filing of the notice of assignment in the manner prescribed by this part. Once the notice of assignment is filed, the assignment shall be valid as to third parties and, as to them, shall constitute a completed assignment, sale, or pledge, or any combination thereof, of the accounts receivable covered, notwithstanding the fact that any debtors of the account are notified of or do not consent to the assignment.
 C. An assignee under a valid notice of assignment shall have a superior claim to the accounts assigned and their proceeds as against all other creditors whose claims or security arose or are perfected after the filing of the notice of assignment.
More specifically addressing your question, La. R.S. 23:731
concerns the superiority of the wage assignment. It states as follows:
 A voluntary sale transfer, or assignment of earnings executed by a person is not enforceable against his employer unless the employer consents thereto in writing.
It is the opinion of this office that this section along with La. R.S. 9:3102, verifies that when a wage assignment is consented to by an employer and the wage assignment is filed, it constitutes a completed assignment and shall have a superior claim over a garnishor whose claims or security arose after the filing of the notice of assignment.
I trust that this answers your inquiry. Please call me if you need any additional information.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES C. HRDLICKA Assistant Attorney General
JCH:cdw-0277z